UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nationwide Insurance Company of America,<br><br>    Plaintiff<br><br>v.<br><br>Elliot Walter, *et al.*,<br><br>    Defendants | 2:14-cv-00743-JAD-NJK<br><br>**Order Denying Defendant's Motion for Attorney's Fees and Costs [ECF 28]** |

Nationwide Insurance Company of America filed a complaint for declaratory relief against two of its insureds, Elliot Walter and Travis West.[1] Walter moved to dismiss the complaint, arguing that this court lacks subject-matter jurisdiction.[2] Because I found that there was no controversy ripe for review, I granted Walter's motion,[3] and the Clerk entered judgment accordingly.[4] Walter now moves for attorney's fees under NRS 18.010(2) and 28 USC 1927. Because Walter has not shown that he is entitled to fees under either statute and because Walter is not a "prevailing party" entitled to an award of costs under FRCP 54(d), I deny his motion for attorney's fees and costs[5] and overrule as moot Nationwide's objections[6] to his bill of costs.[7]

---

[1] ECF 1.

[2] ECF 7.

[3] ECF 24.

[4] ECF 25.

[5] ECF 26, 28.

[6] ECF 27.

[7] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

Discussion

A.      Standard for Awarding Attorney's Fees under NRS 18.010(2)

Under NRS 18.010(2)(a), a court may award attorney's fees to a prevailing party who has not recovered more than $20,000. Subsection (b) of that same statute allows a court to award attorney's fees without regard to the recovery sought when it finds that a "claim. . . was brought or maintained without reasonable ground or to harass the prevailing party."[8]  In order to support an award of fees, under this subsection, "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party."[9]  A groundless claim is one that is either "not well grounded in fact and warranted by existing law, or which the plaintiff brings without a good faith argument for the extension, modification, or reversal of existing law."[10]

B.      Standard for Awarding Attorney's Fees under 28 U.S.C. 1927

Under 28 USC 1927, "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay attorney's fees and other costs reasonably incurred as a result. "Because th[is] section authorizes sanctions only for the multiplication of proceedings, it applies only to unnecessary filings and tactics once a lawsuit has begun;"[11] it does not apply to initial complaints.[12]  Section 1927 sanctions "must be supported by a finding of subjective bad faith."[13]  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an

---

[8] Nev. Rev. Stat. §18.010(2)(a)–(b).

[9] *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (citations omitted).

[10] *Simonian v. Univ. & Cmty. Coll. Sys.*, 128 P.3d 1057, 1063–65 (Nev. 2006).

[11] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (citations omitted).

[12] *Id.*

[13] *New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989).

opponent."[14]

C. **Walter is not entitled to attorney's fees under NRS 18.010(2).**

Walter argues that he is entitled to attorney's fees because Nationwide filed its complaint to harass him and without reasonable grounds: Nationwide prematurely sought declaratory relief on an anticipated bad faith claim.[15] Nationwide counters that Walter is not entitled to an award of fees under this statute because he did not recover a money judgment and Nationwide had reasonable grounds for filing the action and did not do so to harass Walter.[16]

Nationwide is correct that Walter cannot recover fees under NRS 18.010(2)(a) because he did not recover a money judgment.[17] Although Nationwide's case was dismissed, this litigant put forward a detailed, non-frivolous argument for an extension of the law to cover its claim. Nationwide supported its contentions with persuasive authority and spent considerable time factually distinguishing the cases Walter cited in his motion to dismiss. Nationwide's arguments were not patently frivolous, and there is no evidence in the record that it filed suit to harass Walter. Accordingly, Walter is not entitled to fees under NRS 18.010(2)(a) or (b).

D. **Walter is not entitled to attorney's fees under 28 U.S.C. 1927.**

Walter next argues he is entitled to recover attorney's fees because Nationwide's attorneys "vexatiously and unreasonably" multiplied the proceedings by: (1) filing a premature claim for declaratory relief that is unsupported by the case law and (2) citing to *AAA v. Chau*[18] in opposition to Walter's motion to dismiss and failing to indicate that the order had been stricken.[19] Nationwide responds that Walter is not entitled to recover fees under § 1927 because it does not apply to the

---

[14] *Estate of Blas Through Chargulaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1989) (citations omitted).

[15] ECF 28 at 4.

[16] ECF 30 at 9–10.

[17] *Valley Electric Ass'n v. Overfield,* 106 P.3d 1198 (Nev. 2005).

[18] *AAA Nev. Ins. Co v. Chau*, 2010 WL 1756986, *3 (D. Nev. Apr. 2013).

[19] ECF 27 at 5.

1  filing of a complaint.[20]  And even if § 1927 did apply to initial complaints, Walter has not shown that
2  Nationwide's attorneys acted recklessly or in bad faith.[21]  Finally, Nationwide argues that $57,584 in
3  legal fees is unreasonable for the amount and type of work performed in this case.  Walter counters
4  that in addition to filing a frivolous complaint, Nationwide's attorney's vexatiously multiplied the
5  litigation by ignoring his letter requesting dismissal and frivolously opposing his motion to dismiss.[22]
6        Section 1927 does not apply to the filing of an initial complaint, and Walter has not shown
7  that Nationwide's attorneys multiplied the proceedings "unreasonably and vexatiously" by opposing
8  his motion to dismiss with a non-frivolous argument for the extension of the law.[23]  I also decline to
9  sanction Nationwide's attorneys for citing to *Chau* in the response to Walter's motion to dismiss.
10 *Chau* is a non-binding district court case that Nationwide devoted a single sentence to in its response
11 brief.[24]  It was not material to my disposition of Walter's motion.  Given the insignificant space
12 Nationwide devoted to *Chau* in its response*,* I do not find that Nationwide's attorneys acted
13 unreasonably or vexatiously, and I decline to award fees on that basis.
14 **E.**     **Walter has not demonstrated his entitlement to an award of costs.**
15       Walter submitted a bill of costs[25] seeking $427.25 for "[f]ees and disbursements for printing,"
16 and $6,558.52 in "other" costs. [26]  Nationwide objected to Walter's bill of costs, arguing that Walter
17 failed to properly itemize and document these costs.[27]  Walter argues, without further elaboration,

---

[20] ECF 30 at 20.

[21] *Id.* at 17.

[22] ECF 31 at 7.

[23] *See supra* at p. 3, § c.

[24] "A dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies this case and controversy requirement," is the lone sentence in Nationwide's response that cites to *Chau*.

[25] ECF 26.

[26] *Id.* at 5.

[27] ECF 27.

that "[c]osts should be awarded under NRS 18.050, NRS 18.010 and 28 USC 1927."[28] But none of these statutes provides Walter a right to costs. Because I find that Nationwide's attorneys did not vexatiously and unreasonably multiply the proceedings, Walter is not entitled to costs under § 1927. And because "[a]n award of costs in federal district court is normally governed by Civil Rule 54(d), even in diversity cases,"[29] neither NRS 18.010 nor 18.050 provides Walter an avenue for relief.

Nor is Walter entitled to costs under FRCP 54(d). Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[30]

But Walter is not a "prevailing party" for purposes of this rule. "Costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)."[31] I dismissed this case because I found there was no controversy ripe for review and thus this court lacks subject-matter jurisdiction.[32] Because Walter is not a "prevailing party" within the meaning of Rule 54(d)(1), his motion for costs is denied.

---

[28] ECF 29 at 2.

[29] *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

[30] FED. R. CIV. P. 54(d)(1).

[31] *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003).

[32] ECF 24; *See Assoc. Of American Med. Coll.v. U.S.*, 217 F.3d 770, 783 (9th Cir. 2000) (holding that plaintiff's claim was unripe and affirming its dismissal for want of jurisdiction).

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Walter's Motion for Attorney's Fees and Costs **[ECF 28] is DENIED.**

IT IS FURTHER ORDERED that Nationwide's objection to Walter's bill of costs **[ECF 27] is OVERRULED as moot.**

Dated this 10th day of September, 2015

_____
Jennifer A. Dorsey
United States District Judge